# THOMAS J. MURPHY v. GREAT NORTHERN RAILWAY COMPANY.[1]

October 20, 1911.

Nos. 17,333—(58).

Damages.

Action for personal injury. Plaintiff, twenty-seven years old, sustained a most painful and serious injury. The evidence justified the inference that he would never fully recover, and the injury would seriously impair his health, happiness and ability to do manual labor, which had been his principal occupation. *Held:* A verdict for $5,000 was not excessive. [Reporter.]

[1] Reported in 132 N. W. 750.

Action in the district court for Ramsey county to recover $10,000 for personal injuries. The case was tried before Kelly, J., and a jury which returned a verdict in favor of plaintiff for $5,000. From an order denying defendant's motion for a new trial, it appealed. Affirmed.

*M. L. Countryman,* for appellant.

. *Patrick J. Ryan,* for respondent.

PER CURIAM.

This is an appeal in a unique personal injury action, in that the defendant by its answer frankly admitted its liability, and put in issue only the amount of the plaintiff's damages. The defendant offered no evidence, and the issue was fairly submitted to the jury, with instructions, which were satisfactory to both parties. The verdict was for $5,000. The defendant made a motion for a new trial, on the ground that the award of damages was excessive, not justified by the evidence, and appearing to have been given under the influence of passion and prejudice. It appealed from the order denying the motion.

The only question for our decision is whether the award of damages, when tested by the evidence, is so obviously excessive as to justify the conclusion that the trial court abused its discretion in denying unconditionally the motion for a new trial.

The record shows that the plaintiff, who is twenty-seven years old, by the defendant's negligence, sustained a most painful and serious injury to his right testicle, from which he had not recovered at the time of the trial. The evidence fairly justifies the inference that the reasonable probabilities are that he will never fully recover from the effects of the injury, and that it will seriously impair his health, happiness, and ability to do manual labor, which has been his principal occupation. We are of the opinion that the damages are not so excessive as to justify any interference by this court with the verdict.

Order affirmed.